IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES P. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-641-D |
| | ) | |
| VOCATIONAL TECHNICAL SCHOOL | ) | |
| DISTRICT TWENTY-TWO OF | ) | |
| OKLAHOMA COUNTY, OKLAHOMA | ) | |
| a/k/a METRO TECHNOLOGY CENTER, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**O R D E R**

This matter comes before the Court upon Plaintiff's Response to Order to Show Cause [Doc. No. 9], filed November 5, 2010. Plaintiff was directed to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for lack of timely service of process.

Plaintiff's Response is filed through counsel, who simultaneously entered an appearance. Plaintiff states that he originally appeared *pro se* and elected not to attempt service because he hoped to resolve the case informally. After the Order was issued, Plaintiff obtained the issuance of a summons for Defendant Vocational Technical School District 22 of Oklahoma County, Oklahoma a/k/a Metro Technology Center, and with his response, Plaintiff has filed a proof of service dated November 5, 2010. Plaintiff also states that, if authorized by the Court, he believes that service on the individual defendants, James Branscum and Pete Lee, could be accomplished within an additional 10 days.

Rule 4(m) mandates an extension of the time period for service "if the plaintiff shows good cause for the failure" to serve a defendant within 120 days after the complaint is filed. *See* Fed. R.

Civ. P. 4(m). Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4, the court has determined that the term "requires a greater showing than 'excusable neglect.'" *See Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175 (10th Cir. 1996); *see also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Putnam*, 833 F.2d at 905 (internal quotations omitted); *see also Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) (finding an insufficient showing where plaintiff offered "no valid excuse for allowing a significant portion of the time for service to run"). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176.

In this case, Plaintiff does not explain why his settlement efforts prevented timely service of process and why he apparently made no attempt to meet the 120-day deadline, which expired October 19, 2010. Plaintiff essentially offers no excuse for failing to accomplish timely service on any defendant and failing to serve two defendants to date. From a review of the Complaint, it appears that Plaintiff, like the plaintiff in *Putnam*, waited until the last day to commence an action within the limitations period and then did not make diligent efforts to serve the defendants with process.[1] *See Putnam*, 833 F.2d at 905; *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) (noting the expiration of a statute of limitations does not supply "good cause"). Therefore, the Court finds that Plaintiff has failed to show good cause for the lack of timely service.

---

[1] Plaintiff alleges that the 90-day period for filing suit after receipt of his EEOC notice expired on June 21, 2010. *See* Compl. ¶ 10. The Complaint was filed June 21, 2010.

The question thus becomes whether a permissive extension of time under Rule 4(m) is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). At this point, the Court "may in its discretion either dismiss the case without prejudice or extend the time for service." *Id*. One factor that may weigh against the dismissal of an action is a showing that a refiled action would be time-barred. *See Espinoza*, 52 F.3d at 842; *see also Despain*, 13 F.3d at 1439. Plaintiff does not address this factor but does acknowledge it, saying that he filed this action to prevent the expiration of the limitations period. *See* Pl.'s Resp. [Doc. 9], ¶ 1. Also, as stated above, Plaintiff appears to have now accomplished service of one defendant, and he requests permission to serve the other defendants within an additional 10-day period.[2] Because this is Plaintiff's first request for an extension of time, and because it appears a dismissal would raise timeliness concerns, the Court will grant Plaintiff a limited period of additional time for service in order to provide an opportunity to avoid a dismissal.

IT IS THEREFORE ORDERED that the Court grants Plaintiff an additional 10 days from the date of this Order to effect service of process. Plaintiff shall file proof of such service within 14 days of this Order, or the Court may order the dismissal of the action as to any unserved defendant.

IT IS SO ORDERED this 12th day of November, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Counsel is reminded that requests for extensions of time should be made by a motion filed in accordance with LCvR7.1(h).